UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| Robert E. Crousore, John W. Trammel, Jose Morua, Jayson A. Altic, and Michael A. Arkwright, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:10-CV-353-TLS |
| Bockman, LLC, Bockman Companies, Inc., Bradley Bockman, individually and in his capacity as Owner of Bockman, LLC and/or Bockman Companies, Inc., and Jim Pierson, individually and in his capacity as Supervisor for Bockman, LLC and/or Bockman Companies, Inc., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiffs, Robert E. Crousore, John W. Trammel, Jose Morua, Jayson A. Altic, and Michael A. Arkwright, have sued their former employer for sexual harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964. There are four named Defendants: (1) Bockman, LLC; (2) Bockman Companies, Inc.; (3) Bradley Bockman, individually and in his capacity as Owner of Bockman, LLC and/or Bockman Companies, Inc.; and (4) Jim Pierson, individually and in his capacity as Supervisor for Bockman, LLC and/or Bockman Companies, Inc. Defendant Bradley Bockman has filed a Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted [ECF No. 10], on the basis that the Complaint does not allege any conduct by Bradley Bockman that would permit the Court to pierce the corporate veil. The Plaintiffs have not responded to the Motion to Dismiss.

## STANDARD OF REVIEW

When analyzing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which challenges the sufficiency of a complaint to state a claim for relief, the Court construes the complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). A claim withstands a motion to dismiss only if the complaint includes enough facts to render the claims facially plausible, not just conceivable. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). A plaintiff is obligated to provide the "grounds" of his "entitlement to relief," which requires more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555. A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Tamayo*, 526 F.3d at 1086; *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## SUFFICIENCY OF THE COMPLAINT ALLEGATIONS

The Plaintiffs allege that a particular supervisor, Defendant Jim Pierson, sexually harassed them during their terms of employment at Bockman, LLC, and/or Bockman Companies, Inc. The only reference to Defendant Bradley Bockman in the Complaint allegations is in paragraph 9, which identifies him as the owner of these Defendant companies. (Compl. ¶ 9,

ECF No. 1.) The caption and the introductory paragraph of the Complaint indicate that the Plaintiffs are suing Bradley Brockman "individually and in his capacity as Owner of [the Defendant companies]."

Title VII allows an aggrieved party to sue his "employer" for acts of discrimination. 42 U.S.C. § 2000e *et seq.* The Act defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b). In turn, a "person" may be "one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C. § 2000e(a). Title VII does not envision individual liability but, rather, imposes liability upon employers for the acts of their agents under a theory of respondeat superior. *Williams v. Banning*, 72 F.3d 552, 553–55 (7th Cir. 1995) (holding that a supervisor does not fall within Title VII's definition of an employer); *see also EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279–82 (7th Cir. 1995); *Matthews v. Marten Transp., Ltd.*, 354 F. Supp. 2d 899, 903 (W.D. Wis. 2005) (dismissing a defendant from a Title VII suit because he could not be held individually liable as either a supervisory agent or owner of the employer corporation). The Seventh Circuit has rejected the "alter ego" theory of liability as a basis to treat a shareholder as the actual employer of a Title VII plaintiff. *Worth v. Tyler*, 276 F.3d 249, 262 (7th Cir. 2001) (stating that the court's rejection of the alter ego theory was "supported by Congress' aversion to individual liability under Title VII"). A shareholder enjoys a presumption of protection from individual liability. To disregard this presumption, a party must show that the corporation is

merely the instrumentality of another and that piercing the corporate veil is necessary to prevent fraud or unfairness to third parties. *Id.*; *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1232 (Ind. 1994).

In this lawsuit, the "person" who is "engaged in an industry affecting commerce,"—in other words the employer—is Defendant Bockman, LLC and/or Bockman Companies, Inc. The pleaded factual content does not allow the Court to draw the reasonable inference that Bradley Brockman was the Plaintiffs' employer or that the Court should disregard the presumption of shareholder protection from individual liability. The alleged facts reveal that Bradley Brockman was merely the owner of the employing entity. As such, he cannot be individually liable on this bases alone under Title VII for the alleged misconduct. In addition to naming Bradley Bockman individually, the Plaintiffs have also named Bradley Brockman in his "capacity as" the owner of the corporate entities. This is simply another way to seek to hold the actual employer liable. Because the corporate entities are already named as the employer, the claim against Bradley Brockman in his capacity as the owner is extraneous and will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant Bradley Brockman's Motion to Dismiss [ECF No. 10]. The Plaintiffs' claims remaining pending against the other Defendants.

SO ORDERED on May 26, 2011.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT