UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT E. CROUSORE, JOHN W. TRAMMEL, JOSE MORUA, JAYSON A. ALTIC, and MICHAEL A. ARKWRIGHT, Plaintiffs, | ) ) ) ) ) ) | |
| v. | ) ) | Cause No. 1:10-CV-353-TLS |
| BOCKMAN, LLC and BOCKMAN COMPANIES, INC., Defendants. | ) ) ) | |

**OPINION AND ORDER**

The Plaintiffs, Robert E. Crousore, John W. Trammel, Jose Morua, Jayson A. Altic, and Michael A. Arkwright, have sued their former employer for sexual harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Complaint requests that the Plaintiffs be awarded compensatory and punitive damages. The Clerk's Entry of Default having already been entered against Bockman LLC and Bockman Companies, Inc. [ECF No. 58], the Plaintiffs now request that the Court enter default judgment against the Defendants, jointly and severally, in the amount of $50,000 for each Plaintiff [ECF No. 66]. In support of the Motion, the Plaintiffs filed an Affidavit evidencing service of process [ECF No. 66]. The Plaintiffs do not present any evidentiary support regarding damages.

Once the default of a party has been established (based upon the party against whom a judgment for affirmative relief is sought having failed to plead or otherwise defend), Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of

action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c), a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind from or an award that exceeds the amount demanded in the pleadings. Even when default judgment is warranted, allegations in the complaint regarding the amount of damages are not taken to be true. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. Instead, courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323; *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). In addition, when a damages total has component parts, courts require evidence to support the components of the total damages. *Dundee Cement Co.*, 722 F.2d at 1324.

Here, the Plaintiff have not provided any documents or affidavits in support of their request for $50,000 each. Nor are the Plaintiffs' claims the type that produce readily ascertainable damages for a sum certain.[1] Thus, an evidentiary hearing is needed to determine the

---

[1] The damages that a successful plaintiff may recover for violations of Title VII are found in 42 U.S.C. §§ 1981a & 2000e-5(g). Section 1981a provides for: punitive damages "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual," and compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." Compensatory and punitive damage awards are subject to caps based on the number of employees. 42 U.S.C. § 1981a(b)(3). A plaintiff may also recovery, as an equitable remedy, any lost wages and benefits he would have received from the defendant if he had not been terminated from his employment, minus earnings and benefits the plaintiff received during that time the he would not have otherwise received. 42 U.S.C. § 2000e-5(g). The

amount of damages. *See* Fed. R. Civ. P. 55(b)(2)(A) (stating that the court may conduct a hearing when, to enter or effectuate judgment, it needs to determine the amount of damages).

For the reasons stated above, the Court takes the Plaintiffs' Motion for Default Judgment [ECF No. 66] UNDER ADVISEMENT and SETS this matter for a telephone conference on November 29, 2011, at 10:30 AM before Judge Theresa L. Springmann for the purpose of scheduling a damages hearing. Court will initiate the call.

SO ORDERED on November 18, 2011.

                                          s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT

---

Plaintiffs have not identified which category or categories of damages their requested $50,000 recovery falls under, but they will have that opportunity at the hearing and through further briefing.