# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

ROBERT E. CROUSORE, JOHN W.  )
TRAMMEL, JOSE MORUA,     )
JAYSON A. ALTIC, and      )
MICHAEL A. ARKWRIGHT,    )
    Plaintiffs,      )
             )
    v.          )  Cause No. 1:10-CV-353-TLS
             )
BOCKMAN, LLC and      )
BOCKMAN COMPANIES, INC.,   )
    Defendants.     )

## OPINION AND ORDER

The Plaintiffs, Robert E. Crousore, John W. Trammel, Jose Morua, Jayson A. Altic, and Michael A. Arkwright, have sued their former employer for sexual harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The Complaint requests that the Plaintiffs be awarded compensatory and punitive damages, as well as appropriate interests, costs, and other relief deemed appropriate by the Court. The Clerk's Entry of Default having already been entered against Bockman LLC and Bockman Companies, Inc. [ECF No. 58], the Plaintiffs now request that the Court enter default judgment against the Defendants [ECF No. 66]. On November 18, 2011, the Court issued an Opinion and Order taking the Motion under advisement in anticipation of conducting an evidentiary hearing on the issue of damages.

On October 25, 2012, the Court received the affidavits of Plaintiffs Crousore, Trammel, Morua, and Altic. Each of these Plaintiffs states the date he was terminated from the Defendants' employment, the wages he was earning at the time of his termination, and his subsequent work history and income. According to the affidavits, the total lost income suffered as a result of the

violations of federal law, beginning on the date of termination to the present, is $98,560 for Crousore, $49,200 for Trammel, $19,811 for Morua, and $71,200 for Altic. Counsel for the Plaintiff motioned at the October 25 hearing to withdraw the Motion for Default Judgment with respect to Plaintiff Michael Arkwright, and he was subsequently dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[1]

As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establish[es], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). Here, the Complaint establishes that the Defendants are liable to each of the Plaintiffs for violations of Title VII, specifically for sexual harassment and retaliation. The damages that a successful plaintiff may recover for violations of Title VII are found in 42 U.S.C. §§ 1981a & 2000e-5(g). Section 1981a provides for punitive damages "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual," and compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." Compensatory and punitive damage awards are subject to caps based on the number of employees. 42 U.S.C. § 1981a(b)(3). A plaintiff may also recovery, as an equitable remedy, any lost wages and benefits he would have received from the defendant if he

---

[1] On October 31, 2012, the Plaintiffs filed a Motion to Dismiss Michael A. Arkwright. Because the Defendants have not filed an answer or otherwise responded to the action, the dismissal was a voluntarily dismissal without prejudice by the Plaintiff pursuant to Rule 41(a)(1)(A)(i) and did not require a court order.

had not been terminated from his employment, minus earnings and benefits the plaintiff received during that time that he would not have otherwise received. 42 U.S.C. § 2000e-5(g).

The Plaintiffs have claimed only the last category of damages. The Seventh Circuit has stated that a "district court has broad equitable discretion to fashion back pay awards to make the Title VII victim whole [and that] [o]nce the district court [finds] unlawful discrimination in violation of Title VII, there [is] a strong presumption that [a plaintiff is] entitled to a back pay award on the basis of what she would have earned absent the discrimination." *E.E.O.C. v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1579 (7th Cir. 1997). The Seventh Circuit has also directed that "the plaintiff has the burden of proving the damages caused [to] her [and that such damages should be] determined by 'measuring the difference between actual earnings for the period and those which she would have earned absent the discrimination by defendant.'" *Horn v. Duke Homes*, 755 F.2d 599, 606 (7th Cir. 1985) (quoting *Taylor v. Philips Indus., Inc.*, 593 F.2d 783, 786 (7th Cir. 1979)). The statute provides that "[b]ack pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission. Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable." 42 U.S.C. § 2000e-5(g). In determining the proper award of back pay, a court must make sure that any award is not speculative and does not put the plaintiff in a better position than he was before his termination. *See Ilona*, 108 F.3d at 1580 (quoting *United States v. City of Chi.*, 853 F.2d 572, 575 (7th Cir. 1988), for the idea that "[t]he court must 'do its best to recreate the conditions and relationships that would have existed if the unlawful discrimination had not occurred'"). The defendant has the burden of demonstrating that a plaintiff who was unlawfully discharged did not make adequate efforts to

mitigate his damages by securing other employment. *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1044 (7th Cir. 1994)

In support of an equitable remedy of back wages, the Plaintiffs have submitted their own affidavits detailing the wages they would have received from the Defendants if they had not been terminated from their employment, minus earnings and benefits the Plaintiffs received during that time that they would not have otherwise received. The Defendants, who have defaulted, have not presented any evidence that the Plaintiffs did not make honest, good faith efforts in seeking other employment. *See NLRB v. Midwestern Personnel Servs., Inc.*, 508 F.3d 418, 423 (7th Cir. 2007) (stating that a plaintiff's duty to mitigate damages by seeking interim employment after an unlawful discharge required him only to make an "honest good faith effort" to seek other employment). The affidavits are sufficient to allow the Court to ascertain with reasonable certainty the proper amount to award as damages to the Plaintiffs for their lost wages. *See In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. Accordingly, the Plaintiffs are entitled to damages for back-pay in the amounts set forth in their Affidavits. They are also entitled to prejudgment interest on these amounts, *see Loeffler v. Frank*, 486 U.S. 549, 558 (1988); *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 757 (7th Cir. 2002), calculated using the prime rate of 3.25%, which has been the rate since the dates of the Plaintiffs' terminations of employment to the present.

Under Title VII, a prevailing party is also entitled to reasonable attorney fees. 42 U.S.C. § 2000e-5(k). "[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Because the Plaintiffs are prevailing parties, the Court must go on to determine what amount would be a

reasonable attorney fee. The starting point is to determine the lodestar amount: a reasonable hourly rate for the attorney multiplied by the number of hours reasonably expended on the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonably hourly rate used in calculating the lodestar is the market rate for an attorney's work. *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993). On October 25, 2012, the Plaintiffs requested that the default judgment include their attorney fees, and they have submitted an Affidavit in support of their requested fees that details the number of hours worked and the billing rate of the various personnel involved. The Affidavit of Robert W. Gevers, II, and J. Brian Tracey, and the attached itemized statement of billing [ECF No. 89], support an award of $10,830.50 for attorney fees. The Plaintiffs' lawyers also seek $150 for the portion of an advance for the $350.00 filing fee that has not been reimbursed. Costs are recoverable separately pursuant to Federal Rule of Civil Procedure 54(d)(1). *See also* N.D. Ind. L.R. 54-1(a) (explaining that the process for recovering costs requires the filing of a Bill of Costs on AO Form 133 within fourteen days after final judgment is entered).

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion for Default Judgment [ECF No. 66]. Judgment is entered against the Defendants, Bockman LLC and Bockman Companies, Inc., jointly and severally and in favor of

(1)     Plaintiff Robert E. Crousore in the amount of $98,560.00 plus prejudgment interest at a rate of 3.25% for the period from November 3, 2009, to the date of judgment compounded annually;

(2)     Plaintiff John W. Trammel in the amount of $49,200.00 plus prejudgment interest at a rate of 3.25% for the period from April 3, 2009, to the date of judgment compounded annually;

(3)     Plaintiff Jose Morua in the amount of $19,811.00 plus prejudgment interest at a rate of 3.25% for the period from March 7, 2009, to the date of judgment compounded annually; and

(4)     Plaintiff Jayson A. Altic in the amount of $71,200.00 plus prejudgment interest at a rate of 3.25% for the period from February 1, 2009, to the date of judgment compounded annually.

Additionally, the Court GRANTS the Plaintiffs' motion for attorney fees. Judgment is entered against the Defendants, Bockman LLC and Bockman Companies, Inc., jointly and severally and in favor of Robert E. Crousore, John W. Trammel, Jose Morua, and Jayson A. Altic for $10,830.50.

The Motion for Default Judgment has been withdrawn with respect to Plaintiff Michael A. Arkwright, who has been dismissed without prejudice. There are no further claims pending against any of the parties to this action.

SO ORDERED on November 15, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT